Argued and submitted November 28, 1994, reversed and remanded for reconsideration of attorney fees January 25, 1995

In the Matter of the Compensation of
Roy A. Phillips, Claimant.

Roy A. PHILLIPS,
*Petitioner,*

*v.*

DEAN'S DRYWALL
and Liberty Northwest Insurance Corporation,
*Respondents.*

(WCB 92-05790; CA A83142)

888 P2d 1091

Susan Frank argued the cause for petitioner. With her on the brief was Pozzi, Wilson & Atchison.

Alexander D. Libmann argued the cause for respondents.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Claimant seeks review of an order of the Workers' Compensation Board that awarded him permanent partial disability, but not permanent total disability. He asserts that the Board erred in failing to make an award of permanent total disability and in failing to award a penalty and attorney fees. We remand for the Board to consider the attorney fee request.

Claimant is a sheetrocker who suffered an injury on the job. He has various medical and nonmedical limitations that affect his employability. Employer accepted the claim, and closed it by a notice of closure, in which it awarded claimant temporary disability but no permanent disability compensation. Claimant sought reconsideration from the Department of Insurance and Finance, now called the Department of Consumer and Business Services, which affirmed the notice of closure in all respects. Claimant then sought a hearing. The referee found that claimant's disability was not total, but was partial only, and made an award of 16 percent unscheduled disability. On appeal, the Board adopted the referee's findings and conclusions regarding permanent total disability, but increased the unscheduled disability award to 19 percent.

■ Claimant first argues that the Board erred in failing to find that he is permanently totally disabled under the odd lot doctrine. He asserts that his physical limitations, in addition to nonmedical limitations, leave him unemployable. Claimant relies on reports of vocational experts who determined that claimant is totally disabled. However, the Board adopted the referee's explanation of why the vocational experts' opinions are not persuasive, which is that they are based on an assessment that claimant can perform only light or sedentary work. The Board found, and there is substantial medical evidence to support the finding, that claimant is capable of engaging in medium work. Accordingly, the Board did not err in rejecting the vocational experts' opinions. There is substantial evidence to support the Board's finding that claimant is not totally disabled.

Claimant next challenges the Board's failure to award a penalty under ORS 656.268(4)(g), which provides:

"If, upon reconsideration of a claim closed by an insurer or self-insured employer, the department orders an increase by 25 percent or more of the amount of compensation to be paid to the worker for permanent disability and the worker is found upon reconsideration to be at least 20 percent permanently disabled, a penalty shall be assessed against the insurer or self-insured employer and paid to the worker in an amount equal to 25 percent of all compensation determined to be then due the claimant."

We need not decide whether, as claimant argues, a penalty is available under ORS 656.268(4)(g) for an increase in an award of permanent disability made by the Board rather than by the department, because here the increased award does not meet the threshold requirement that the claimant be found "to be at least 20 percent permanently disabled." The Board awarded 19 percent permanent partial disability. The Board did not err in failing to award claimant a penalty.

■ Finally, claimant argues that the Board erred in failing to award attorney fees pursuant to ORS 656.382(1) because employer unreasonably resisted the payment of compensation. The Board declined to address whether attorney fees should be awarded, because it found that claimant did not raise the issue at the hearing before the referee. The Board held that it would not address attorney fees for the first time on review.

Claimant argues, correctly, that the issue of attorney fees was raised at the hearing. In his request for hearing, he listed attorney fees as an issue. On the date of the hearing, he hand delivered a letter to the referee in which he argued his entitlement to attorney fees under ORS 656.382(1). The referee did not mention the request for fees or address the issue in any way. Because claimant requested fees and argued for his entitlement to them, the Board erred in failing to consider whether claimant is entitled to an award of attorney fees under ORS 656.382(1).

Reversed and remanded for reconsideration of attorney fees.